1 | NORMAN J. WATKINS – SBN 87327
nwatkins@lynberg.com
2 | SHANNON L. GUSTAFSON – SBN 228856
sgustafso@lynberg.com
3 | **LYNBERG & WATKINS**
A Professional Corporation
4 | 1100 Town & Country Road, Suite 1450
Orange, California 92868
5 | (714) 937-1010 Telephone
(714) 937-1003 Facsimile
6 |
7 | Attorneys for MICHAEL BADA

8 |
           **UNITED STATES DISTRICT COURT**
9 |
           **CENTRAL DISTRICT OF CALIFORNIA**
10 |

| | |
|---|---|
| JESSE WAGNER, | CASE NO. EDCV 10-1818 AG(RNBx) |
| Plaintiff, | *Assigned for All Purposes to:*<br>*Hon. Robert N. Block – Crtrm 6-D* |
| vs. | **DEFENDANT'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAN GARCIA IS SUPPORT THEREOF** |
| MICHAEL BADA, in his official and individual capacity; the COUNTY OF SAN BERNARDINO; and DOE 1 through 10,<br><br>Defendant. | |
| | Date:     July 26, 2011<br>Time:    9:30 a.m.<br>Dept.:   6-D |
| | *Complaint filed: December 17, 2010* |

1

# TABLE OF CONTENTS

I.     INTRODUCTORY STATEMENT ...................................................1

II.    PLAINTIFF'S COMPLAINT OF ACTIONS SHOULD BE
DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS
UNDER  FED.R.CIV.P. 12(B)(5) ...............................................3

     A.     Service of process at Defendant's former place of
employment is insufficient pursuant to Fed.R.Civ.P.
4(e)(2)(b). ..................................................................................4

     B.     Service of process to an individual who is not Defendant's
authorized agent is insufficient pursuant to Fed.R.Civ.P.
4(e)(2)(c). ..................................................................................6

     C.     Service of process to an individual who is not Defendant's
authorized agent or at Defendant's former place of
employment is insufficient under California Law pursuant to
Fed.R.Civ.P. 4(e)(1). ...............................................................7

          1.     Service of process to an individual who is not
Defendant's authorized agent is insufficient pursuant
to CCP § 416.90. .............................................................8

          2.     Service of process at Defendant's former employment
is insufficient pursuant to CCP § 415.20. .....................8

     D.     Service of process was untimely pursuant to Fed.R.Civ.P.
4(m) because Defendant was not served within 120 days after
the complaint was filed. ..........................................................10

III.   PLAINTIFF'S CLAIMS FOR RELIEF ARE BARRED BY THE
STATUTE OF LIMITATIONS AND SHOULD THEREBY BE
DISMISSED UNDER FED.R.CIV.P.12(B)6................................10

IV.   PLAINTIFF'S 8TH AMENDMENT CAUSE OF ACTION FAILS
TO STATE A CLAIM AND SHOULD THEREBY BE
DISMISSED UNDER FED.R.CIV.P. 12(B)6................................12

     A.     A slippery prison floor is not an objective substantial risk of
serious harm to inmate safety. ................................................13

     B.     Plaintiff cannot demonstrate that Deputy Bada knew of an
excessive risk to inmate safety and disregarded the risk. ...........17

     C.     Plaintiff has only pled a claim of negligence...........................18

ii

TABLE OF CONTENTS

1

V.    **DEFENDANT BADA IS ENTITLED TO QUALIFIED IMMUNITY** ...................................................................19

VI.   **CONCLUSION** .......................................................................21

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

# **TABLE OF AUTHORITIES**

## CASES

Aaronian v. Fresno County Jail,
    2010 U.S. Dist. LEXIS 137724, *4-7 (E.D. Cal. 2010)...................................19

Ashcroft v. Iqbal,
    129 S. Ct. 1937, 1949, 2009 U.S. LEXIS 3472 (2009)...........................16, 22

Bacon v. Carroll,
    232 Fed. Appx. 158, 160 (3rd Cir. 2007), *cert. denied*, 2007 U.S. LEXIS
    10829 (2007)..............................................................................................23

Baker v. Delo,
    38 F.3d 1024, 1026-27 (8th Cir. 1994)...............................................20, 27

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 570, 127 S. Ct. 1955 (2007) ...........................................16

Bell v. Ward,
    88 Fed. Appx. 125, 127 (7th Cir. 2004) ...............................................18

Bibbs v. Armontrout,
    943 F.2d 26, 27 (8th Cir. 1991), *cert. denied*, 502 U.S. 1110 (1992)...........24

Blankenhorn v. City of Orange,
    485 F.3d 463, 471 (9th Cir. Cal. 2007) ...............................................26

Blundell v. County of L.A.,
    2009 U.S. Dist. LEXIS 71918, *12-13 (C.D. Cal. 2009)..........................12

Butler v. CDCR,
    2010 U.S. Dist. LEXIS 76556, *8-9  (E.D. Cal. 2010)..........................19, 27

Butz v. Economou,
    438 U.S. 478, 507, 98 S. Ct. 2894 (1978) ...........................................26

Cohen v. Miami,
    54 F.R.D. 274, 278 (D. Fla. 1972)........................................................6

Colony Cove Props., LLC v. City of Carson,
    2011 U.S. App. LEXIS 6240, *16 (9th Cir. 2011).................................14

Cross v. City of Grand Prairie,
    1998 U.S. Dist. LEXIS 3477 ..................................................................6

Daly-Murphy v. Winston,
    837 F.2d 348, 355 (9th Cir. 1987)........................................................5

iv

Direct Mail Specialists v. Eclat Computerized Techs., Inc.,
    840 F.2d 685, 688 (9th Cir. 1988) ................................................................3

Employment Painters' Trust v. Ethan Enters.,
    480 F.3d 933, 999 (9th Cir. 2007) ................................................................3

Farmer v. Brennan,
    511 U.S. 825, 834, 837, 847, 114 S. Ct. 1970 (1994) .....................17, 23, 24

Frost v. Agnos,
    152 F.3d 1124 (9th Cir. 1998) ...................................................................20

Funtanilla v. Rubles,
    2003 US Dist LEXIS 9313 (N.D. Cal. 2003) .............................................15

Gerritsen v. Cordova,
    721 F. Supp. 253, 256 (C.D. Cal. 1988), aff'd, 989 F.2d 340 (1993) ...........6, 8

Ghazali v. Moran,
    46 F.3d 52, 54 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995) .................4

Gibson v. United States,
    781 F.2d 1334, 1337 (9th Cir. 1986) ....................................................13, 16

Hanifi Marlow Jihad v. Fabian,
    2011 U.S. Dist. LEXIS 47007, *7 (D. Minn. 2011)......................................7

Hoptowit v. Spellman,
    753 F.2d 779, 784 (9th Cir. 1985) ..............................................................23

Howard v. Hedgpeth,
    2011 U.S. Dist. LEXIS 10591 (E.D. Cal. 2011) ........................................21

Iezzi v. Sullivan,
    2008 U.S. Dist. LEXIS 104310, *6-7 (E.D. Cal. Dec. 10, 2008) ...................19

Jackson v. Hayakawa,
    682 F.2d 1344, 1347 (9th Cir. Cal. 1982) ....................................................8

Jackson v. State of Ariz.,
    885 F.2d 639, 642 (9th Cir. 1989) ................................................................2

Jay v. Fresno County Jail,
    2010 U.S. Dist. LEXIS 122994 , *3-6 (E.D. Cal. 2010)...............................24

Johnson v. Lewis,
    217 F.3d 726, 731 (9th Cir. 2000) ..............................................................17

Johnson-Lloyd v. Vocational Rehabilitation Office, Pa. Dep't of Labor & Indus.,
    813 F. Supp. 1120, 1125 (E.D. Pa. 1993) .....................................................7

v

Jones v. Williams,
    297 F.3d 930, 934 (9th Cir.2002) ................................................................17

King v. Atiyeh,
    814 F.2d 565, 567 (9th Cir. 1987) ..............................................................4

Knox v. Davis,
    260 F.3d 1009, 1013 (9th Cir. 2001) ........................................................15

Landry v. City & County of San Francisco,
    2009 U.S. Dist. LEXIS 93438, *5 (N.D. Cal. 2009) ..............................12

LeMaire v. Maass,
    12 F.3d 1444, 1457 (9th Cir. 1993) ...............................................2, 18, 22

Mallard v. Roberts,
    2006 U.S. Dist. LEXIS 31437, *1 (M.D. Ga. 2006) ................................24

McNeil v. United States,
    508 U.S. 106, 113, 113 S. Ct. 1980 (1993) ..............................................4

Melton v. Wiley,
    262 Fed. Appx. 921, 923 (11th Cir. 2008) ................................................5

Mitchell v. West Virginia,
    554 F. Supp. 1215, 1217 (N.D. W. Va. 1983) ........................................23

Naufahu v. City of San Mateo,
    2008 U.S. Dist. LEXIS 53633 (N.D. Cal. 2008) ......................................9

Osolinski v. Kane,
    92 F.3d 934, 938 (9th Cir. 1996) ........................................................18, 20

Patterson v. City of Philadelphia,
    2009 U.S. Dist. LEXIS 31967, *21 (E.D. Pa. 2009) ................................7

Perez Lopez v. Mangome,
    117 F.R.D. 327, 328 (D.P.R. 1987) ..........................................................6

Reddick v. Troung,
    2008 U.S. Dist. LEXIS 112949, *17 n.8 (C.D. Cal. 2008) ......................12

Reynolds v. Powell,
    370 F.3d 1028, 1031 (10th Cir. 2004) ..........................................18, 23, 26

Robinson v. Cuyler,
    511 F. Supp. 161, 163 (E.D. Pa. 1981) ....................................................19

Saucier v. Katz,
    533 U.S. 194, 201, 121 S. Ct. 2151 (2001) ..............................................25

vi

Sunbeam Corp. v. Payless Drug Stores,
    113 F. Supp. 31, 46 (D. Cal. 1956).................................................8

Thomas v. Furness (Pacific), Ltd.,
    171 F2d 434 (9th Cir. 1948), *cert. denied*, 337 U.S. 960 (1949).......................9

TwoRivers v. Lewis,
    174 F.3d 987, 991 (9th Cir. 1999)........................................14, 16

U.S. v. McLaughlin,
    470 F.3d 698, 699 (7th Cir. 2006)..........................................5

Wallace v. Kato,
    549 U.S. 384, 397, 127 S. Ct. 1091 (2007), *reh'g denied*, 549 U.S. 1362
    (2007)....................................................................15

Warren v. Missouri,
    995 F.2d 130, 131 (8th Cir. 1993)..........................................24

Washington v. Cambra,
    2003 U.S. Dist. LEXIS 20336, *4-5, (N.D. Cal. 2003) ........................15

West v. Atkins,
    487 U.S. 42, 48, 108 S. Ct. 2250 (1988) ...................................17

Wilson v. Garcia,
    471 U.S. 261, 276, 105 S. Ct. 1938 (1985) .................................14

Wilson v. Seiter,
    501 U.S. 294, 297, 111 S. Ct. 2321 (1991) ...........................2, 17, 23

Wood v. Housewright,
    900 F.2d 1332, 1334 (9th Cir. 1990).......................................23

Zirbes v. Stratton,
    187 Cal. App. 3d 1407, 1417 (1986) .......................................11

## STATUTES

42 U.S.C. § 1983 ...................................................1, 2, 11, 13, 19

## OTHER AUTHORITIES

4A Wright & Miller,
    *Federal Practice and Procedure,* § 1096 ....................................5

Jud. Council of Cal. (1969) Annual Rep. to the Governor and the Legislature,
    Revision of Title 5 of the Code of Civil Procedure Relating to Jurisdiction and
    Service of Process, pp. 55.................................................8

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

## RULES

California Code of Civil Procedure §352.1(a) .................................................................2

CCP § 335.1 ...................................................................................................................11

CCP § 352.1(a) ..............................................................................................................11

CCP § 415.20 ........................................................................................................8, 9, 10

CCP § 416.90 ...............................................................................................................7, 8

Fed.R.Civ.P. 12(b)(5) ...........................................................................................1, 3, 4, 9

Fed.R.Civ.P. 12(b)(6) ................................................................................1, 2, 10, 12, 13

Fed.R.Civ.P. 12(e) ...........................................................................................................1

Fed.R.Civ.P. 4 ..............................................................................1, 3, 4, 5, 6, 7, 10

Fed.R.Civ.P. 4(e)(2) .........................................................................................................5

Fed.R.Civ.P. 4(e)(2)(b) ....................................................................................................4

Fed.R.Civ.P. 4(e)(2)(c) ....................................................................................................6

Fed.R.Civ.P. 4(m) ...............................................................................................1, 3, 10

Local Rule 7-3 ..................................................................................................................2

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

**TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that Defendant's Motion to Dismiss previously noticed for July 25, 2011 at 10:00 a.m. in Courtroom 10-D will now be heard on **July 26, 2011**, at **9:30 a.m**. or as soon thereafter as the matter may be heard in **Courtroom 6-D** of the United States District Court, Central District of California, located at 411 West Fourth Street, Santa Ana, California, Defendant, MICHAEL BADA will and hereby does move this Court for an order quashing service of process and dismissing Plaintiff JESSE A. WAGNER'S Complaint for Damages; Demand for Jury Trial. MICHAEL BADA also moves this Court for an order for a more definite statement.

    Defendant brings this Motion on each of the following grounds:

    1.    Dismissal of the entire complaint is warranted because service of process was not effected in accordance with Fed.R.Civ.P. 4. See, Fed.R.Civ.P. 12(b)(5).

    2.    Service of process should be quashed because service of process was not effected in accordance with Fed.R.Civ.P. 4. See, Fed.R.Civ.P. 12(b)(5).

    3.    Dismissal of the entire complaint is warranted because service of process was untimely. See, Fed.R.Civ.P. 4(m).

    4.    Dismissal of the entire complaint is warranted because Plaintiff has failed to state a claim upon which relief can be granted by filing his Complaint beyond the statute of limitations. See, Fed.R.Civ.P. 12(b)(6).

    5.    In the alternative to dismissal based on the statute of limitations, Plaintiff's Second Cause of Action under 42 U.S.C. § 1983 requires a more definite statement because Plaintiff's pleading is so vague and ambiguous that Defendant cannot reasonably prepare a response. See, Fed.R.Civ.P. 12(e).

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

6.     Dismissal of Plaintiff's First Cause of Action under 42 U.S.C. § 1983 is warranted because Plaintiff has failed to state a claim upon which relief can be granted. See, Fed.R.Civ.P. 12(b)(6).

7.     Dismissal of Plaintiff's First Cause of Action under 42 U.S.C. § 1983 is warranted because Defendant is entitled to qualified immunity.

Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, Plaintiff's Complaint, the Declaration of Dan Garcia, and upon such other and further oral argument and documentary evidence as may properly come before the Court.

Pursuant to Local Rule 7-3, defense counsel initiated the meet-and-confer process with Plaintiff, by sending correspondence on June 1, 2011 since Plaintiff is in custody. Plaintiff responded via correspondence on June 4, 2011.

DATED: June 20, 2011          **LYNBERG & WATKINS**
A Professional Corporation


By: /S/ _____
**NORMAN J. WATKINS**
**SHANNON L. GUSTAFSON**
Attorneys for Defendant,
MICHAEL BADA

2

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTORY STATEMENT

Plaintiff's Complaint suffers from multiple service of process defects.  Both the United States Supreme Court and the Ninth Circuit have held that pro se plaintiffs must comply with the rules of civil procedure and failure to do so may properly result in dismissal.  Plaintiff failed to serve Deputy Bada as required by Fed.R.Civ.P. 4.  The United States Marshal attempted to serve Deputy Bada by delivering a copy of the Summons and Complaint to the San Bernardino County Sheriff's Department Civil Liabilities Division on May 27, 2011.  As further addressed below, this attempt at service of process fails to comply with Fed.R.Civ.P. 4 because Deputy Bada has not been employed by the Sheriff's Department since April 18, 2009.  Furthermore, Plaintiff's attempt to serve Deputy Bada was untimely in violation of Fed.R.Civ.P. 4(m).  Plaintiff's Complaint must at least be quashed if not dismissed due to these severe defects.  See, Fed.R.Civ.P. 12(b)(5).

Should this Court determine Plaintiff's service on Defendant was proper, Plaintiff's Complaint should still be dismissed for failure to state a claim.  This case arises out of an October 2006 incident, in which Plaintiff slipped on spilled milk.  Plaintiff, who was incarcerated at the time of the incident, is now alleging that his slip and fall was an 8th Amendment violation.  According to Plaintiff's Complaint, Deputy Bada threw an eight ounce milk container while conducting a search of the bunk bed area.  (See, Plaintiff's Complaint, Docket No. 1-1, ¶ 12).  The milk then spilled out of its container and onto the floor in between several tables.  (Id.).  After the search, Deputy Bada ordered the inmates to walk back to their seats, as they had been lined up with their face against the wall during the search.  (Id. at ¶ 11, 14).

1

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1  Plaintiff did not notice the spilled milk while walking to his seat and he therefore
2  slipped and fell.  (Id. at ¶ 15-16).

3      Plaintiff's 8th Amendment claim, along with Plaintiff's 1st Amendment claim
4  that Deputy Bada retaliated against Plaintiff for his attempts to submit a grievance,
5  are also barred by the statute of limitations.  Even when tolling the statute of
6  limitations to account for Plaintiff's disability of imprisonment, Plaintiff failed to
7  file his complaint within the statute of limitations.  See, California Code of Civil
8  Procedure §352.1(a).  Accordingly, both of Plaintiff's claims should be dismissed
9  for the failure to state a claim for which relief can be granted.  See, Fed.R.Civ.P.
10 12(b)(6).

11     Plaintiff's allegations as set forth above clearly fail to demonstrate
12 "unnecessary and wanton infliction of pain" as required for an 8th Amendment
13 violation.  See, Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321 (1991).  Indeed,
14 there is no question that spilled milk fails to demonstrate an objective, substantial
15 risk of serious harm.  See, LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993),
16 quoting, Jackson v. State of Ariz., 885 F.2d 639, 642 (9th Cir. 1989), *superseded on*
17 *other grounds*, ("slippery prison floors . . . do not state even an arguable claim for
18 cruel and unusual punishment.").  It necessarily follows that Deputy Bada did not
19 deliberately disregard a substantial risk of harm.  At most, Plaintiff has alleged a
20 claim of negligence, which is simply not enough for a claim of "cruel and unusual
21 punishment" under the Eighth Amendment.  Accordingly, Plaintiff's 8th
22 Amendment claim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

23     Additionally, even if the Court were to find that Plaintiff has alleged
24 sufficient facts for an 8th Amendment claim, Deputy Bada is nonetheless entitled to
25 qualified immunity.  Given the legal backdrop that wet prison floors do not create an
26 8th Amendment violation, even when deliberately caused by a prison official,
27

28

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1  Deputy Bada's conduct of spilling milk on the floor did not violate clearly

2  established law.

3  **II.    PLAINTIFF'S COMPLAINT OF ACTIONS SHOULD BE DISMISSED FOR**

4  **INSUFFICIENT SERVICE OF PROCESS UNDER  FED.R.CIV.P. 12(B)(5)**

5         Plaintiff's Complaint must be dismissed because Plaintiff failed to comply

6  with the requirements of Fed.R.Civ.P. 4 when he attempted to serve Defendant

7  Deputy Bada.  See, Employment Painters' Trust v. Ethan Enters., 480 F.3d 933, 999

8  (9th Cir. 2007) (Sufficiency of process is governed by Fed.R.Civ.P. 4); Direct Mail

9  Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988)

10  ("A federal court does not have jurisdiction over a defendant unless the defendant

11  has been served properly under Fed.R.Civ.P. 4.").  Both the United States Supreme

12  Court and the Ninth Circuit have held that pro se plaintiffs must comply with the

13  rules of civil procedure and failure to do so may properly result in dismissal.  See,

14  McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993) (In affirming

15  the dismissal of an incarcerated, pro se plaintiff's claim, the Supreme Court

16  explained "we have never suggested that procedural rules in ordinary civil litigation

17  should be interpreted so as to excuse mistakes by those who proceed without

18  counsel."); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995), cert. denied, 516 U.S.

19  838 (1995) (Affirmed dismissal and explained that "pro se litigants are bound by the

20  rules of procedure"); see also, King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)

21  ("Pro se litigants must follow the same rules of procedure that govern other

22  litigants.").

23         Plaintiff's service of process of Deputy Bada did not follow any of the

24  methods permitted for serving an individual pursuant to Fed.R.Civ.P. 4.

25  Accordingly, Plaintiff's service of process for Deputy Bada was improper and

26  insufficient.  Plaintiff also failed to serve Deputy Bada within the time limit

27

28  DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1  proscribed by <u>Fed.R.Civ.P.</u> 4(m), thereby violating the time constraints required for

2  proper service of process.  Therefore, Plaintiff's service of process is entirely

3  ineffectual and requires that very least service of process be quashed if not

4  dismissed.  <u>See</u>, <u>Fed.R.Civ.P.</u> 12(b)(5).

5  Since Plaintiff attempted to serve Deputy Bada in his individual capacity,

6  Plaintiff was required to follow a service of process method as proscribed by

7  <u>Fed.R.Civ.P.</u> 4(d) or 4(e).  Plaintiff instead elected to serve Deputy Bada by

8  delivering the Summons and Complaint to the San Bernardino County Sheriff's

9  Department Civil Liabilities Division, (<u>See</u>, Garcia Declaration, ¶ 2), thereby

10  possibly implicating <u>Fed.R.Civ.P.</u> 4(e)(2)(b), 4(e)(2)(c) or 4(e)(1).  As further

11  detailed below, however, Plaintiff failed to comply with any of these methods.

12  **A.    Service of process at Defendant's former place of employment is**

13  **insufficient pursuant to <u>Fed.R.Civ.P.</u> 4(e)(2)(b).**

14  Deputy Bada is no longer employed by the San BernardinoCounty Sheriff's

15  Department. (<u>See</u>, Garcia Declaration, ¶ 3).  Accordingly, service of process at a

16  Deputy Bada's former place of employment is insufficient because it does not meet

17  the requirements of <u>Fed.R.Civ.P.</u> 4(e)(2)(b).  <u>Fed.R.Civ.P.</u> 4(e)(2)(b) permits service

18  of process by "leaving a copy of each at the individual's dwelling or usual place of

19  abode with someone of suitable age and discretion who resides there."  As a general

20  rule, the Ninth Circuit construes <u>Fed.R.Civ.P.</u> 4 to mean that "service at a

21  defendant's place of employment is insufficient." <u>Daly-Murphy v. Winston</u>, 837

22  F.2d 348, 355 (9th Cir. 1987).  Other Circuits have also found that a place of

23  employment does not fall under the scope of <u>Fed.R.Civ.P.</u> 4(e)(2)(b).  <u>See</u>, <u>U.S. v.</u>

24  <u>McLaughlin</u>, 470 F.3d 698, 699 (7th Cir. 2006) (It is a mistake to believe that

25  leaving the complaint with an adult at the defendant's place of business is effective

26  service, although it would be effective service if at the defendant's home.); <u>Melton</u>

27

4

28
DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1  v. Wiley, 262 Fed. Appx. 921, 923 (11th Cir. 2008) ("No provision [under

2  Fed.R.Civ.P. 4(e)(2)] is made for leaving a copy at the individual's usual place of

3  business or with the individual's employer."). Courts have further specified that a

4  law enforcement officer's place of employment is not his "dwelling or usual place

5  of abode" for purposes of service of process. See, Cross v. City of Grand Prairie,

6  1998 U.S. Dist. LEXIS 3477, *19 ("[A] police station has been held not to constitute

7  the dwelling house or usual place of abode of members of the police force."); Perez

8  Lopez v. Mangome, 117 F.R.D. 327, 328 (D.P.R. 1987) (Held that police officers'

9  place of employment did not qualify as dwelling house or usual place of abode for

10  purpose of service of process pursuant to Fed.R.Civ.P. 4), citing, 4A Wright &

11  Miller, *Federal Practice and Procedure,* § 1096. Accordingly, service of process is

12  ineffectual if attempted at a defendant's place of employment. See, Gerritsen v.

13  Cordova, 721 F. Supp. 253, 256 (C.D. Cal. 1988), *aff'd*, 989 F.2d 340 (1993)

14  (Leaving copy of summons and complaint at Mexican embassy, which was

15  defendant's place of business, did not satisfy requirement of "usual place of abode"

16  under Fed.R.Civ.P. 4); Cohen v. Miami, 54 F.R.D. 274, 278 (D. Fla. 1972)

17  (Delivery of requisite papers to secretary at defendant doctor's office fails to meet

18  requirement of dwelling house or usual place of abode.).

19       If serving Deputy Bada at his place of employment is improper, then

20  attempting service of process at Deputy Bada's ***former*** place of employment clearly

21  fails to meet the requirements of Fed.R.Civ.P. 4(e)(2)(b). See, Hanifi Marlow Jihad

22  v. Fabian, 2011 U.S. Dist. LEXIS 47007, *7 (D. Minn. 2011) (Motion to dismiss

23  granted because Federal Rules of Civil Procedure do not provide for service at a

24  place of employment and so attempting service at a former place of employment

25  was clearly ineffective.); Patterson v. City of Philadelphia, 2009 U.S. Dist. LEXIS

26  31967, *21 (E.D. Pa. 2009) (Service of process at defendant's former place of

27

28

1  employment is insufficient under <u>Fed.R.Civ.P.</u> 4(e)(2)); <u>Johnson-Lloyd v.</u>

2  <u>Vocational Rehabilitation Office, Pa. Dep't of Labor & Indus.</u>, 813 F. Supp. 1120,

3  1125 (E.D. Pa. 1993) (Service of process at defendant's place of former

4  employment was clearly not effectual under <u>Fed.R.Civ.P.</u> 4).

5       Deputy Bada has not been an employee of the San Bernardino County

6  Sheriff's Department since April 18, 2009. (<u>See</u>, Garcia Declaration, ¶ 3). Despite

7  this, Plaintiff attempted to serve Deputy Bada by delivering documents to the San

8  Bernardino County Sheriff's Department Civil Liabilities Division on May 27,

9  2011. (<u>Id.</u> at ¶ 2). Accordingly, Plaintiff attempted to serve Deputy Bada at his

10  former place of employment, thereby failing to comply with <u>Fed.R.Civ.P.</u> 4(e)(2)(b).

11       **B.**    **Service of process to an individual who is not Defendant's**

12               **authorized agent is insufficient pursuant to <u>Fed.R.Civ.P.</u> 4(e)(2)(c).**

13       Service of process pursuant to <u>Fed.R.Civ.P.</u> 4(e)(2)(c) is also insufficient

14  under this subsection because the San Bernardino County Sheriff's Department

15  Civil Liabilities Division is not an agent authorized to accept service on Deputy

16  Bada's behalf. (<u>See</u>, Garcia Declaration, ¶ 4). <u>Fed.R.Civ.P.</u> 4(e)(2)(c) permits

17  service of process by "delivering a copy of each to an agent authorized by

18  appointment or by law to receive service of process." The agent must be a party

19  specifically designated to receive service of process on the defendant's behalf. <u>See</u>,

20  <u>Gerritsen v. Cordova</u>, <u>supra</u>, 721 F. Supp. at 256. Additionally, serving an entity

21  does not automatically confer personal jurisdiction over an individual defendant in

22  any capacity. <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir. Cal. 1982).

23       "Where undisputed evidence shows that the person upon whom process was

24  served is not the agent of the defendant and is not authorized to receive service of

25  process issued against such defendant, the motion to quash service and to dismiss

26  the defendant from the action should be granted." <u>Sunbeam Corp. v. Payless Drug</u>

27

28

1  Stores, 113 F. Supp. 31, 46 (D. Cal. 1956) citing, Thomas v. Furness (Pacific), Ltd.,

2  171 F2d 434 (9th Cir. 1948), *cert. denied*, 337 U.S. 960 (1949); see, Naufahu v. City

3  of San Mateo, 2008 U.S. Dist. LEXIS 53633 (N.D. Cal. 2008) (Pro se plaintiff's

4  claims against police officers as individuals were dismissed for insufficient service

5  of process because the police department employees who received the documents

6  were not agents authorized to accept service for individual defendants).

7      As discussed above, Deputy Bada was no longer an employee of the San

8  Bernardino County Sheriff's Department when Plaintiff attempted service at the San

9  Bernardino County Sheriff's Department Civil Liabilities Division.  (See, Garcia

10 Declaration, ¶ 3).  Therefore, there was no principal-agent relationship.  Moreover,

11 the San Bernardino County Sheriff's Department was not an agent authorized by

12 law or appointment to accept service for Deputy Bada's as an individual. (See,

13 Garcia Declaration, ¶ 4).  Accordingly, service of process pursuant to Fed.R.Civ.P.

14 4(e)(2)(c) is insufficient.

15     **C.    Service of process to an individual who is not Defendant's**

16          **authorized agent or at Defendant's former place of employment is**

17          **insufficient under California Law pursuant to Fed.R.Civ.P. 4(e)(1).**

18     Pursuant to Fed.R.Civ.P. 4(e)(1), a plaintiff may also serve an individual by

19 following the procedures used in state court from the state where the district court is

20 located or where service is made.  Accordingly, Plaintiff could have utilized the

21 California Code of Civil Procedure in order to effectuate service.  Since Plaintiff

22 attempted to serve Deputy Bada by delivering the documents to the San Bernardino

23 County Sheriff's Department Civil Liabilities Division, Plaintiff possibly implicated

24 CCP § 416.90 and § 415.20.  However, as addressed below, Plaintiff also failed to

25 comply with any of these methods.

26          **1.    Service of process to an individual who is not Defendant's**

27
                                            7

1    **authorized agent is insufficient pursuant to CCP § 416.90**.

2        Service of process pursuant to CCP § 416.90 is insufficient because the San

3    Bernardino County Sheriff's Department Civil Liabilities Division is not an agent

4    authorized to accept service on Deputy Bada's behalf. CCP § 416.90 permits

5    service by "delivering a copy of the summons and of the complaint [...]to a person

6    authorized by him to receive service of process." California's Judicial Council

7    explained in its comments that "such agent must be one who is authorized by law or

8    appointment to receive service of process, and the agent of an individual for other

9    purposes is not necessarily authorized to receive such process." See, Jud. Council of

10   Cal. (1969) Annual Rep. to the Governor and the Legislature, Revision of Title 5 of

11   the Code of Civil Procedure Relating to Jurisdiction and Service of Process, pp. 55.

12       As discussed above, there was no principal-agent relationship between

13   Deputy Bada and the San Bernardino County Sheriff's Department at the time

14   service of process was attempted. Furthermore, the San Bernardino County

15   Sheriff's Department Civil Liabilities Division was not an agent authorized by law

16   or appointment to accept service for Deputy Bada's as an individual. (See, Garcia

17   Declaration, ¶4). Therefore, service of process pursuant to CCP § 416.90 was

18   insufficient.

19       **2**        **Service of process at Defendant's former employment is**

20                     **insufficient pursuant to CCP § 415.20.**

21       Plaintiff's attempt to serve Deputy Bada at the San Bernardino County

22   Sheriff's Department Civil Liabilities Division was also insufficient because it failed

23   to meet the requirements of CCP § 415.20. CCP § 415.20 permits service

24           "by leaving a copy of the summons and complaint during

25           usual office hours in [defendant's] office [...] with the

26           person who is apparently in charge thereof, and by

27   8

28

thereafter mailing a copy of the summons and complaint

by first-class mail, postage prepaid to the person to be

served at the place where a copy of the summons and

complaint were left. […] Service of a summons in this

manner is deemed complete on the 10th day after the

mailing."

Courts have repeatedly found that service at a defendant's ***former*** place of employment does not meet the requirements of CCP § 415.20.  See, Zirbes v. Stratton, 187 Cal. App. 3d 1407, 1417 (1986) (Service of process on defendant not effective pursuant to CCP § 415.20 when summons and complaint left at location where defendant was no longer employed); Blundell v. County of L.A., 2009 U.S. Dist. LEXIS 71918, *12-13 (C.D. Cal. 2009) (Court grants Fed.R.Civ.P. 12(b)(5) dismissal because serving defendants at their former employer's office failed to meet CCP § 415.20 requirements and was not reasonably calculated to give the defendants actual notice of the proceedings.); Landry v. City & County of San Francisco, 2009 U.S. Dist. LEXIS 93438, *5 (N.D. Cal. 2009) (Court grants Fed.R.Civ.P. 12(b)(5) dismissal because defendant was no longer employed at the location where the documents were delivered); Reddick v. Troung, 2008 U.S. Dist. LEXIS 112949, *17 n.8 (C.D. Cal. 2008) (Court finds service of process was also ineffective because the defendant was no longer an employee at the location where service was attempted.).

Because Deputy Bada had not been an employee of the San Bernardino County Sheriff's Department since April 18, 2009, service at the San Bernardino County Sheriff's Department on May 27, 2011 was improper.  (See, Garcia Declaration, ¶ 2, 3).  Therefore, Plaintiff failed to effect service under CCP § 415.20.

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

**D.     Service of process was untimely pursuant to Fed.R.Civ.P. 4(m) because Defendant was not served within 120 days after the complaint was filed.**

Assuming arguendo that Plaintiff's attempt to serve Deputy Bada on May 27, 2011 was proper, service was still untimely in violation of <u>Fed.R.Civ.P.</u> 4(m). <u>Fed.R.Civ.P.</u> 4(m) requires that a defendant be served within 120 days after the complaint is filed, otherwise the action may be dismissed.  Plaintiff's Complaint was filed on December 17, 2010.  (<u>See</u>, Plaintiff's Complaint, Docket No. 1-1). Accordingly, Plaintiff had until April 18, 2011 to serve Deputy Bada.  However, service was not attempted until 39 days past the deadline.  Therefore, in addition to being defective, Plaintiff's service of process was also untimely in violation of <u>Fed.R.Civ.P.</u> 4(m).  Plaintiff's Complaint should be dismissed for his multiple failures to comply with the rules of civil procedure.

**III.   <u>PLAINTIFF'S CLAIMS FOR RELIEF ARE BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD THEREBY BE DISMISSED UNDER  FED.R.CIV.P. 12(B)(6).</u>**

Should the Court find that service was proper, Plaintiff's claims must nonetheless be dismissed because they are barred by the statute of limitations. <u>See</u>, <u>Fed.R.Civ.P.</u> 12(b)(6).  Dismissal is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>See</u>, <u>Gibson v. United States</u>, 781 F.2d 1334, 1337 (9th Cir. 1986).  In making this determination, the factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the non-moving party.  <u>See</u>, <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999).

All of Plaintiffs claims have been filed pursuant to 42 <u>U.S.C.</u> § 1983.  (<u>See</u>, Plaintiff's Complaint, Docket No. 1-1).  "California's statute of limitations for

10

personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983."
Colony Cove Props., LLC v. City of Carson, 2011 U.S. App. LEXIS 6240, *16 (9th
Cir. 2011); see, Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938 (1985),
*overruled on other grounds,* (The forum state's personal injury statute of limitations
governs 42 U.S.C. § 1983 claims).  Accordingly, the applicable statute of limitations
for 42 U.S.C. § 1983 claims is two years.  See, CCP § 335.1.  However, if a plaintiff
is imprisoned on a criminal charge when the cause of action accrues, the statute of
limitations will toll during that disability for a time not to exceed two years.  See,
CCP § 352.1(a).  As such, the total amount of time a prisoner may have to file a 42
U.S.C. § 1983 cannot exceed four years.

In this case, Plaintiff alleges his claims arose out an incident that occurred in
October of 2006.  (See, Plaintiff's Complaint, Docket No. 1-1, ¶ 10, 20).  A 42
U.S.C. § 1983 "claim accrues when the plaintiff knows or has reason to know of the
injury which is the basis of the action. (citation omitted)."  Knox v. Davis, 260 F.3d
1009, 1013 (9th Cir. 2001).  Given the nature of Plaintiff's claims, Plaintiff knew or
had reason to know of the injuries for the basis of his actions in October of 2006.
(See, Plaintiff's Complaint, Docket No. 1-1).  Therefore, assuming Plaintiff was
continuously incarcerated, the latest Plaintiff could have filed his complaint was by
October 2010.  However, Plaintiff did not file his causes of action until December
17, 2010, which was after the statute of limitations had run.  Accordingly, Plaintiff's
claims are time barred by the statute of limitations and must be dismissed.  See,
Wallace v. Kato, 549 U.S. 384, 397, 127 S. Ct. 1091 (2007), *reh'g denied*, 549 U.S.
1362 (2007) (Proper to dismiss time barred 42 U.S.C. § 1983 claim); see e.g.,
Washington v. Cambra, 2003 U.S. Dist. LEXIS 20336, *4-5, (N.D. Cal. 2003) (Pro
se, inmate plaintiff's 42 U.S.C. § 1983 action regarding conditions of confinement
dismissed because complaint was filed after the statute of limitations had run, even

when tolled for disability of imprisonment); <u>Funtanilla v. Rubles</u>, 2003 US Dist LEXIS 9313 (N.D. Cal. 2003) (Pro se plaintiff's 42 <u>U.S.C.</u> § 1983 action against prison staff dismissed on summary judgment because it was filed after the statute of limitations had run, even when tolled for disability of imprisonment).

It is important to note that Plaintiff's Complaint was untimely filed even if Plaintiff was continuously imprisoned from the time the action accrued. However, according to Plaintiff's Complaint, Plaintiff was incarcerated between the dates of September 9, 2003 and January 2, 2007. (<u>See</u>, Plaintiff's Complaint, Docket No. 1-1, ¶ 9). As such, if Plaintiff's tolling for disability of imprisonment ended on January 2, 2007, Plaintiff would only have had until January 3, 2010 to file his Complaint within the statute of limitations. Plaintiff filed his Complaint nearly a year beyond the statute of limitations and therefore it must be dismissed.

## IV.   <u>PLAINTIFF'S 8TH AMENDMENT CAUSE OF ACTION FAILS TO STATE A CLAIM AND SHOULD THEREBY BE DISMISSED UNDER FED.R.CIV.P. 12(B)(6).</u>

In addition to being barred by the statute of limitations, Plaintiff Complaint fails to state an 8th Amendment claim for which relief can be granted. Accordingly, Plaintiff's 8th Amendment claim must be dismissed. <u>See</u>, <u>Fed.R.Civ.P.</u> 12(b)(6).

As stated above, dismissal is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Gibson v. United States</u>, <u>supra</u>, 781 F.2d at 1337. Additionally, the factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the non-moving party. <u>See</u>, <u>TwoRivers v. Lewis</u>, <u>supra</u>, 174 F.3d at 991. However, "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949, 2009 U.S. LEXIS 3472 (2009) Nor should the Court "accept as true

12

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1    a legal conclusion couched as a factual allegation." Id. at 1950, quoting, Bell
2    Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

3         In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
4    elements: (1) that a right secured by the Constitution or laws of the United States
5    was violated and (2) that the violation was committed by a person acting under the
6    color of state law.  See, West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).
7    In order to be individually liable under 42 U.S.C. § 1983, an individual must have
8    personally participated in the alleged rights deprivation. See, Jones v. Williams, 297
9    F.3d 930, 934 (9th Cir.2002).  While Plaintiff alleges there was a violation of his
10   rights under the 8th Amendment, his allegations simply fail to meet the essential
11   requirements of an 8th Amendment violation.

12        The Supreme Court has found that "only the 'unnecessary and wanton
13   infliction of pain' implicates the Eighth Amendment."   Wilson v. Seiter, supra, 501
14   U.S. at 297.  A prison official is liable for deliberate indifference towards an
15   inmate's safety ***only if*** a plaintiff demonstrates (1) a condition of confinement that
16   posed an ***objective***, substantial risk of serious harm; and (2) the prison official
17   subjectively knew of the excessive risk to inmate safety and disregarded the risk by
18   failing to take reasonable measures to abate it.  See, Farmer v. Brennan, 511 U.S.
19   825, 834, 837, 847, 114 S. Ct. 1970 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057
20   (9th Cir. 2004); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).  Plaintiff's
21   Complaint, even when liberally construed, fails to meet either of these requirements.
22   Consequently, Plaintiff has failed to state a claim for which relief can be granted and
23   must therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

24       **A.**    **A slippery prison floor is not an objective, substantial risk of**
25              **serious harm to inmate safety.**
26        The Ninth Circuit has made it clear that a slippery prison floor does not

27

13

1   amount to an objective, substantial risk of serious harm.  See, LeMaire v. Maass,

2   supra, 12 F.3d at 1457 ("slippery prison floors . . . do not state even an arguable

3   claim for cruel and unusual punishment."); Osolinski v. Kane, 92 F.3d 934, 938 (9th

4   Cir. 1996) (Court deemed a greasy staircase, a pool of soapy water or a wet floor to

5   be "minor safety hazards," even when these conditions caused a prisoner to slip.).

6   Federal Courts have continuously found that a wet prison floor causing a prisoner to

7   slip and fall does not rise to the level of an 8th Amendment violation. See, e.g.,

8   Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (Standing water, which

9   prison officials had been warned about, that caused a plaintiff on crutches to slip and

10   fall did not rise to a substantial risk of serious harm. "[S]lippery floors constitute a

11   daily risk faced by members of the public at large."); Bell v. Ward, 88 Fed. Appx.

12   125, 127 (7th Cir. 2004) (Accumulation of water on the floor, which was attributed

13   to prison official's oversight, did present the possibility of slipping but not a

14   substantial risk of serious harm.); LeMaire v. Maass, supra, 12 F.3d at 1457 ("Even

15   if the floors of the shower are slippery and [shackled inmate] might fall while

16   showering," a slippery prison floor does not create a sufficiently unsafe condition.);

17   Butler v. CDCR, 2010 U.S. Dist. LEXIS 76556, *8-9  (E.D. Cal. 2010) (Water on

18   dining room floor which caused plaintiff to slip and fall while dumping his food tray

19   did not rise to a substantial risk of serious harm to inmate health or safety);

20   Aaronian v. Fresno County Jail, 2010 U.S. Dist. LEXIS 137724, *4-7 (E.D. Cal.

21   2010) (Dismissed 8th Amendment claim because officer's failure to remedy or warn

22   others of a pool of water on floor, which caused plaintiff to slip and fall, was not a

23   serious, unavoidable threat to safety.); Iezzi v. Sullivan, 2008 U.S. Dist. LEXIS

24   104310, *6-7 (E.D. Cal. Dec. 10, 2008) (A slippery floor in the prison's kitchen

25   "fail[s] to show that Plaintiff was subjected to 'cruel and unusual punishment'

26   because he had the misfortune to fall."); Robinson v. Cuyler, 511 F. Supp. 161, 163

27

28

14

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1  (E.D. Pa. 1981) ("A slippery kitchen floor does not inflict 'cruel and unusual

2  punishments.'").

3      Simply put, spilled milk on a prison floor which causes an inmate to slip and

4  fall, fits squarely within the case law regarding slippery prison floors.  The

5  authoritative principle is clear: a wet prison floor is not an objective, substantial risk

6  of serious harm.  Additionally, Plaintiff has not pled any exacerbating conditions

7  which would elevate the existence of a wet floor to a substantial risk of serious harm

8  to inmate health or safety.  As explained in <u>Osolinski v. Kane</u>, "[n]o cases in this

9  circuit clearly established that a single defective device, without any other

10  conditions contributing to the threat to an inmates" safety, created an objectively

11  insufficiently humane condition violative of the Eighth Amendment." <u>See</u>,

12  <u>Osolinski v. Kane</u>, <u>supra</u>, 92 F.3d at 938.

13     Indeed, the only leading Ninth Circuit authority finding sufficient aggravating

14  circumstances in connection with a wet prison floor is entirely distinguishable from

15  Plaintiff's case and emphasizes the failings of Plaintiff's Complaint.  In <u>Frost v.</u>

16  <u>Agnos</u>, 152 F.3d 1124 (9th Cir. 1998), the Court found there was a triable issue of

17  fact as to whether the failure to provide handicapped-accessible showers created a

18  sufficient danger of falling to an inmate in a long leg cast and on crutches.  The

19  Ninth Circuit explicitly distinguished <u>Frost v. Agnos</u> from the general rule that

20  slippery floors do not violate the 8th Amendment, by pointing to the plaintiff's

21  "repeated injuries and the unsafe conditions that follow from his use of crutches."

22  Plaintiff has not pled there were repeated occurrences of this type of slip and fall or

23  any mobility impairment.  As was the case in <u>Osolinski v. Kane</u>, Plaintiff has "not

24  pled conditions which rendered him unable to 'provide for [his] own safety' in the

25  sense that they precluded him from avoiding the [risk] or rendered him unable to

26  perceive [the risk]." <u>See</u>, <u>Osolinski v. Kane</u>, <u>supra</u>, 92 F.3d at 938.  In a case with far

27

28

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

stronger facts than alleged here, the Court found that a prison guard who deliberately swept trash, an ounce of milk and additional water into an inmate's cell, did not create a substantial risk of serious harm. See, Baker v. Delo, 38 F.3d 1024, 1026-27 (8th Cir. 1994). The Court came to this conclusion despite the inmate's request that the guard stop and the inmate voicing his fear that he would slip and fall. Id. at 1027. As such conditions were insufficient to show a substantial risk of harm, it follows that Plaintiff's far less compelling allegations are clearly insufficient. Accordingly, Plaintiff cannot demonstrate a substantial risk of serious harm to inmate health or safety.

While Plaintiff alleges the incident occurred as a result of Deputy Bada ordering the inmates to return to their seats, Deputy Bada's order is not an exacerbating condition which made the spilled milk an unavoidable threat to the inmates' safety. (See, Plaintiff's Complaint, Docket No. 1-1, ¶ 14-16). First, Plaintiff claims that the milk had spilled "onto the floor between several permanently mounted metal tables[sic]," and that each inmate had been instructed to walk to their seat. (Id. at ¶ 12, 14). Despite the allegation that all the inmates were ordered to walk to their seat, Plaintiff appears to have been the only inmate who slipped from failing to observe the liquid on the floor. It does not follow that an unavoidable threat to all the inmates safety would have in fact been avoided by *__all__* the other inmates. Second, Deputy Bada's order is similar to those in case law where no found 8th Amendment violation was found. For example, in Howard v. Hedgpeth, 2011 U.S. Dist. LEXIS 10591 (E.D. Cal. 2011), a plaintiff brought an 8th Amendment claim against prison officials after he severely cut his hand on the loose metal of a door casing. The evidence reflected that the defendants knew the damaged door had already been reported twice for repairs. The plaintiff claimed that because defendants knew of the damage but still instructed him to enter the

16

doorway, the defendants failed in their duty to protect him.  The Court found that this amounted to negligently ignoring a safety hazard and did not show that defendants' order to enter the doorway exacerbated an existing danger.  Another example is <u>LeMaire v. Maass</u>, <u>supra</u>, 12 F.3d 1444, where prison officials required a plaintiff to be in shackles and handcuffs when showering on a slippery floor.  The Court found that this requirement, which is akin to an order, did not create a sufficiently unsafe condition.

Lastly, the need for organization and control in the prison environment will necessarily regulate the location of an inmate.  Inmates will be ordered to shower where floors are slippery or have standing water.  However, as demonstrated by the cases above, being required to shower in such locations does not transform the wet floor to a substantial risk of harm. Inmates will be required to travel through dining halls were liquid is often spilled.  Again, the requirement to be in such a location does not transform the wet floor to a substantial risk of harm.  Similarly, Deputy Bada's order that the inmates return their seats during did not transform the spilled milk an unavoidable threat to the inmates' safety.  Accordingly, Plaintiff's allegations cannot meet an essential requirement of his 8th Amendment claim.

**B.    Plaintiff cannot demonstrate that Deputy Bada knew of an excessive risk to inmate safety and disregarded the risk.**

Plaintiff's allegations also fail to meet the second requirement of deliberate indifference.  As explained above, the spilled milk on the floor was in fact not an excessive risk to inmate safety since other inmates took the same path without issue.  It necessarily follows that Deputy Bada did not disregard an excessive risk to inmate safety.  While Plaintiff has specifically alleged that Deputy Bada acted with "deliberate indifference," this legal conclusion is not controlling nor is the Court required to accept it as true when making its determination.  See, <u>Ashcroft v. Iqbal</u>,

17

1  supra, 129 S. Ct. at 1950 (The Court should not "accept as true a legal conclusion

2  couched as a factual allegation."). By failing to allege a substantial risk to inmate

3  safety, Plaintiff cannot possibly support a claim that Deputy Bada was deliberately

4  indifferent to such a risk.

5  **C.   Plaintiff has only pled a claim of negligence.**

6       At most, Plaintiff has alleged a 'slip and fall' negligence claim against Deputy

7  Bada. Negligence will not satisfy the deliberate indifference standard and fails to

8  state a constitutional violation. See, Farmer v. Brennan, supra, 511 U.S. at 835;

9  Wilson v. Seiter, supra, 501 U.S. at 305. Indeed, not even gross negligence is

10 sufficient for an 8th Amendment violation. See, Wood v. Housewright, 900 F.2d

11 1332, 1334 (9th Cir. 1990); Clement v. Cal. Dep't of Corr., 220 F. Supp. 2d 1098,

12 1105 (N.D. Cal. 2002). "[N]ot every deviation from ideal safe conditions amounts

13 to a constitutional violation." Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir.

14 1985). "Simply put, '[a] 'slip and fall,' without more, does not amount to cruel and

15 unusual punishment. . . . Remedy for this type of injury, if any, must be sought in

16 state court under traditional tort law principles.'" See, Reynolds v. Powell, 370 F.3d

17 1028, 1032 (10th Cir. 2004), quoting, Mitchell v. West Virginia, 554 F. Supp. 1215,

18 1217 (N.D. W. Va. 1983); see also, Bacon v. Carroll, 232 Fed. Appx. 158, 160 (3rd

19 Cir. 2007), cert. denied, 2007 U.S. LEXIS 10829 (2007) (Failing to warn inmate of

20 a wet floor, who then slipped and fell, amounts merely to negligence.); Mallard v.

21 Roberts, 2006 U.S. Dist. LEXIS 31437, *1 (M.D. Ga. 2006) ("[…] Petitioner's slip

22 and fall accident are frivolous, in that slip and fall accidents do not give rise to

23 federal causes of action.").

24      Plaintiff's slip and fall from a wet prison floor does not rise to the level of an

25 8th Amendment violation. Even if Deputy Bada failed to exercise due care towards

26 the inmates safety by throwing a container of milk and then instructing the inmates

27

28
DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE
DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

1  to return to their seats, such conduct does not does not rise above a claim of

2  negligence. <u>See</u>, <u>Farmer v. Brennan</u>, <u>supra</u>, 511 U.S. at 1935 ("Eighth Amendment

3  liability requires 'more than ordinary lack of due care for the prisoner's interests or

4  safety.'"); <u>see</u> <u>e.g.</u>, <u>Warren v. Missouri</u>, 995 F.2d 130, 131 (8th Cir. 1993) ("Even

5  assuming that one or more defendants had knowledge of the allegedly similar prior

6  accidents [...] this showing falls far short of creating a genuine issue of deliberate

7  indifference [...] Thus, [plaintiff] is left with only his claim that defendants [were

8  negligent].); <u>Bibbs v. Armontrout</u>, 943 F.2d 26, 27 (8th Cir. 1991), *cert. denied*, 502

9  U.S. 1110 (1992) (Found that prison officials ignoring the condition of exposed

10  gears on a license plate "inker" due to the removal of the safety guards was only

11  negligence when inmate plaintiff's hand got entangled in the gears while working);

12  <u>Jay v. Fresno County Jail</u>, 2010 U.S. Dist. LEXIS 122994 , *3-6 (E.D. Cal. 2010)

13  (Even though a plaintiff and other inmates had told prison staff about a slip and fall

14  hazard at the top of the stairs and the staff "failed to heed the warning," the

15  plaintiff's slip and fall was not a 8th Amendment violation).  Plaintiff's allegations

16  simply fail to meet the basic requirements of an 8th Amendment violation.

17  **V.     <u>DEFENDANT BADA IS ENTITELD TO QUALIFIED IMMUNITY</u>**

18        To the extent the Court finds that Plaintiff has sufficiently pled an 8th

19  Amendment claim, Deputy Bada is nonetheless entitled to qualified immunity

20  because it was not clearly established that throwing a milk container was an 8th

21  Amendment violation.  The qualified immunity doctrine provides for pre-trial

22  judicial screening of 42 <u>U.S.C.</u> § 1983 claims.  <u>See</u>, <u>Nunez v. Davis</u>, 169 F.3d 1222,

23  1229 (9th Cir. 2000) ("Whether a public official is entitled to qualified immunity is

24  a question of law.").  The Supreme Court has emphasized that qualified immunity

25  determinations involve multiple levels of judicial screening. <u>See</u>, <u>Saucier v. Katz</u>,

26  533 U.S. 194, 201, 121 S. Ct. 2151 (2001). to ask: "Taken in the light most

27                                           19

favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id.  If construing the evidentiary record in the light most favorable to the plaintiff, a Court concludes that the plaintiff's rights were violated, then the Court proceeds to the second step of the qualified immunity analysis.  In the second phase of the analysis, a public employee defendant is entitled to qualified immunity whenever the applicable law governing his conduct was not "clearly established"-- i.e., if it would not have been clear to a reasonable officer that his conduct was unlawful under the factual circumstance he faced.  Id. at 202.  The clearly-established inquiry, "it is vital to note, must be undertaken in light of the ***specific context*** of the case, ***not as a broad general proposition . . .***" Id. at 201 (Emphasis added).  Thus, "[t]he relevant, dispositive inquiry" is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

"Finally, even if the violated right was clearly established, the [Supreme] Court [has] recognized that it may be difficult for a police officer fully to appreciate how the legal constraints apply to the specific situation he or she faces. Under such a circumstance, '[i]f the officer's mistake as to what the law requires is reasonable, . . . the officer is entitled to the immunity defense.' Blankenhorn v. City of Orange, 485 F.3d 463, 471 (9th Cir. Cal. 2007) quoting Saucier, 533 U.S. at 205) (alteration in original); see, Butz v. Economou, 438 U.S. 478, 507, 98 S. Ct. 2894 (1978) (Noting that qualified immunity covers "mistakes in judgment, whether the mistake is one of fact or one of law").

As demonstrated by the analysis above, Plaintiff's 8th Amendment rights were not violated and therefore the Court would end its qualified immunity analysis. However, assuming arguendo that Plaintiff has sufficiently alleged an 8th Amendment claim, it was not clearly established that Deputy Bada's conduct was

DEFENDANT'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAN GARCIA IS SUPPORT THEREOF

unlawful.  Indeed, given the voluminous case law cited above which holds that wet prison floors do not violate the 8th Amendment, it is not clearly established that spilling liquid on the floor would result in an 8th Amendment violation.  See also, Reynolds v. Powell, supra, 370 F.3d at 1032 n.2 ( "In light of the numerous cases from other circuits holding that the Eighth Amendment does not apply to prison slip and fall incidents, we would conclude that the Eighth Amendment right allegedly violated by defendants was not clearly established at the time of plaintiff's incident if we could reach that issue."); Butler v. CDCR, supra, 2010 U.S. Dist. LEXIS 76556, *10-11 (Prison officials entitled to qualified immunity because plaintiff failed to establish that a reasonable jury would find a slip and fall from liquid on the prison floor was a constitutional violation.).  Furthermore, case law has specifically found that deliberately sweeping milk, along with trash and water into an inmate's cell, despite the inmate's protests and voiced concerns of falling, did not pose a substantial risk of injury and did not reflect deliberate indifference.  See, Baker v. Delo, supra, 38 F.3d at 1026-27.  Given this legal backdrop, Deputy Bada's conduct was not clearly established as unlawful and he is therefore entitled to qualified immunity.

## VI.   CONCLUSION

Plaintiff's Complaint has far too many procedural and substantive deficiencies to survive dismissal.  First, service was insufficient; second, service was untimely; third, the Complaint was filed beyond the statute of limitations; fourth, the Second Cause of Action requires a more definite statement; fifth, Plaintiff has failed to allege sufficient facts to sustain an 8th Amendment violation; and, sixth, Deputy Bada is entitled to qualified immunity in Plaintiff's 8th Amendment Claim.  Accordingly, this Court is well within its authority to dismiss this case for its

1 | multiple failures to comply with Fed.R.Civ.P. (12)(b)(5) and Fed.R.Civ.P.

2 | (12)(b)(6).

3 | DATED:  June 20, 2011        **LYNBERG & WATKINS**
A Professional Corporation

6 |              By:  /S/_____

7 |                  **NORMAN J. WATKINS**
**SHANNON L. GUSTAFSON**
Attorneys for Defendant,
MICHAEL BADA

22

EXHIBIT A

1  NORMAN J. WATKINS – SBN 87327
   nwatkins@lynberg.com
2  SHANNON L. GUSTAFSON – SBN 228856
   sgustafso@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 Town & Country Road, Suite 1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
   Attorneys for Michael Bada
7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11  JESSE WAGNER,                          CASE NO. EDCV 10-1818 AG(RNBx)

12                                         *Assigned for All Purposes to:*
                    Plaintiff,             *Hon. Andrew J. Guilford – Crtrm10D*
13

14       vs.                              **DECLARATION OF DAN GARCIA**

15  MICHAE BADA, in his official and       *Complaint filed: December 17, 2010*
16  individual capacity; the COUNTY OF
    SAN BERNARDINO; and DOE 1
17  through 10,

18
                    Defendant.
19

20

21

22

23

24

25

26

27

28

                                      1

## DECLARATION OF DAN GARCIA

I, DAN GARCIA, do declare and state as follows:

1.      I am currently employed by the San Bernardino County Sheriff's Department as a Sheriff's Department Civil Investigator. I have held this position since April of 1991. I have personal knowledge of the facts stated herein, except those stated upon information and belief, and as to those matters, I believe them to be true. If called upon to testify to the matters herein, I could and would competently do so.

2.      On May 27, 2011 the United States Marshall's Office delivered a Summons and Complaint in the matter of <u>Wagner v. Bada</u>, Case Number EDCV 10-1818 AG(RNBx) to the San Bernardino County Sheriff's Department Civil Liabilities Division. The Summons and Complaint are directed to Michael Bada.

3.      Michael Bada is no longer employed by the San Bernardino County Sheriff's Department and has not been employed by the San Bernardino County Sheriff's Department since April 18, 2009.

4.      Because Michael Bada is no longer an employee of the San Bernardino County Sheriff's Department, the San Bernardino County Sheriff's Department is not authorized to accept service on his behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3 th day of June 2011, SAN BERNARDINO, California.

_____
DAN GARCIA

DECLARATION OF DAN GARCIA

Case Name:  Wagner v. Bada
Case No.:      EDCV 10-1818AG(RNBx)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  My business address is 1100 Town & Country Rd., Suite 1450, Orange, California 92868.

On **June 20, 2011**, I served the foregoing document(s) described as **DEFENDANT'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(5) AND FRCP 12(b)(6); AND FOR A MORE DEFINITE STATEMENT PURSUANT TO 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAN GARCIA IS SUPPORT THEREOF** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

Jesse Adrian Wagner
CDC F-54554
California Rehabilitation Center
402 - 5
PO Box 3535
Norco, CA 928609

☒ **BY MAIL**: As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, I deposited such envelope in the mail at Orange, California..

☐ **BY FACSIMILE:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated above..

☐ **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

☐ **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

☒ **(Federal)**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 20, 2011**, at Orange, California

_____
**SUSAN M. SUSEBACH**

PROOF OF SERVICE